The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Special Deputy Commissioner Alston and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Decision and Order.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
Medical records marked as stipulated exhibit 1 were received into evidence.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Special Deputy as follows:
FINDINGS OF FACT
1. In 1987 and prior to his incarceration, plaintiff fell from a two story building and sustained a crush injury to his left foot.
2. From July 1994 to May 1995, plaintiff was a prisoner at the Caledonia Correctional Institute. During this period of time he received medical treatment from Dr. Anderson for pain associated with his left foot.
3. Dr. Anderson provided the plaintiff with pain medication that provided plaintiff with some pain relief in his left foot while plaintiff resided at Caledonia.
4. Dr. Anderson recommended to the plaintiff that he should see an orthopedic surgeon in order to obtain a pair of orthopedic shoes.
5. No orthopedic shoes have ever been provided to the plaintiff.
6. The defendant-employer has a duty to provide healthcare to prisoners for life threatening injuries. The defendant-employer has a duty to provide health care to prisoners with injuries sustained prior to incarceration only to the extent that such treatment can prevent an injury from becoming worse or can provide pain relief.
7. Plaintiff's crush injuries to his feet are not life threatening.
8. Plaintiff only needs to wear orthopedic shoes if he is required to work. Plaintiff's crush injuries to his feet could worsen if he works without shoes. Orthopedic shoes are not necessary to give plaintiff pain relief if plaintiff is not working.
9. Dr. Anderson did not release the plaintiff to go to work.
10. Plaintiff has not been required to work without orthopedic shoes.
11. Dr. Anderson has not breached any duty to provide healthcare to the plaintiff.
12. There is a lack of sufficient expert medical evidence to support a finding that Dr. Anderson failed to exercise that degree of care and skill possessed by other physicians and nurses in the locality or that Dr. Anderson failed to exercise and use reasonable care in treating plaintiff's left foot.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Plaintiff has failed to prove by the greater weight of the evidence that Dr. Anderson has breached any duty to provide health care to the plaintiff.
2. Plaintiff has failed to prove by the greater weight of the evidence that the defendant by and through its agents were negligent and that any negligence by the defendant was the proximate cause of any damages to the plaintiff. N.C. Gen. Stat. § 143-291.
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Special Deputy Commissioner and enters the following:
ORDER
1. Plaintiff's claim is HEREBY DENIED.
2. Each side shall pay its own costs.
This the ___ day of October, 1997.
 S/ __________________ THERESA B. STEPHENSON DEPUTY COMMISSIONER
CONCURRING:
S/ ___________________ BERNADINE S. BALLANCE COMMISSIONER
S/ ___________________ LAURA K. MAVRETIC COMMISSIONER
TBS/bjp